UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 12-cr-089-05 |
| -vs- | JUDGE DRELL |
| XAVIER L GREEN (05) | MAGISTRATE JUDGE PEREZ-MONTES |

ORDER

Before the court is Xavier Green's motion for compassionate release (Doc. 322) filed pursuant to 18 U.S.C. §3582(c)(1)(A), as amended by the First Step Act. The Government timely filed its response (Doc. 326) arguing the motion should be denied for lack of jurisdiction as Green failed to exhaust his administrative remedies.

I. Background

Green seeks compassionate release claiming he was sentenced under guideline ranges he would not have faced under current laws. He further claims he has served more than 10 years with a good progress report and job history.

Green entered a plea of guilty in October 2013 to a single count of conspiracy to distribute crack cocaine and a single count of possession of a firearm in relation to drug trafficking. In February 2014, Green was sentenced to 140 months, with credit for time served in U.S. Marshal Service custody, for conspiracy to distribute crack cocaine as well as 60 months, to run consecutively, for possession of a firearm in relation to drug trafficking. Two counts of distribution/possession of cocaine with intent to distribute were dropped.

In 2015, Green moved to reduce his sentence of 200 months imprisonment pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 of the Sentencing Guidelines. The court granted his motion and reduced the 140-month sentence on his conspiracy to distribute crack cocaine to 125 months imprisonment. The 60-month sentence remained in effect as did the order that it run consecutively, Thus, Green's sentence was reduced to 185 months.

Green now argues that pursuant to Concepcion v. United States, the court has discretion to further reduce his sentence. Id., 142 S.Ct. 2389 (2022). In support, he claims that he faced Sentencing Guideline ranges that he would not have faced today and asks the court to consider the fact he has served in excess of ten years of his roughly 15.5-year sentence and that he has served his sentence with a favorable progress report and job history.

II. Law and Analysis

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as "compassionate release" motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The First Step Act amended § 3582(c) to provide an inmate an avenue to file a compassionate release motion on his own behalf after being denied relief by the BOP. Prior to the First Step Act, an inmate's only avenue to compassionate release was through the filing of a motion on his behalf by the BOP. United States v. Cantu, 423 F.Supp.3d 345, 347 (S.D. Tex. 2019). After the First Step Act, the Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of

thirty (30) or more days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In each instance, the court will consider the inmate's administrative remedies fully exhausted. 18 U.S.C. §3582(c)(1)(A).

Although the administrative exhaustion provision of 18 U.S.C. §3582(c)(1)(A) is a non-jurisdictional claims processing rule, it is nevertheless mandatory. United States v. Franco, 973 F.3d, 465, 468 (5th Cir. 2020). Thus, because the government has properly raised the issue of exhaustion, the court does not have discretion to excuse a movant's failure to exhaust his administrative remedies. See Hamer v. Neighborhood Housing S'vcs. of Chicago, ___ U.S. ___,138 S.Ct. 13, 17-18 (2017). Citing Eberhart v. United States, 546 U.S. 12, 19 (2005)(*per curiam*) ("[C]laim-processing rules ... [ensure] relief to ap arty properly raising them, but do not compel the same result if the party forfeits them.").

In the case at bar, the Government argues that Green has not alleged, nor has he provided proof, that he exhausted his administrative remedies with the warden of Yazoo City Low. The Government further argues that it was advised by the warden of Yazoo City Low that there is no record of Green filing a request for the Director of the BOP to file a motion for compassionate release on his behalf. Based upon this information, the Government asks the court to dismiss the motion for lack of jurisdiction.

Ultimately the burden of proving exhaustion rests with Green. He has not responded in any way to the Government's assertion that he failed to exhaust. Accordingly, we determine that Green has not exhausted and this court lacks jurisdiction to entertain this claim.

Even if this court did have jurisdiction Green's motion would likely be denied. His reliance upon Concepcion v. United States, 142 S.Ct. 2389 (2022) is misplaced. In Concepcion, the petitioner was not eligible for relief under the Sentencing Commission's 2011 amendment as he

was a career offender, so he petitioned the court under the Fair Sentencing Act for a reduction. Here, Green was eligible and did receive a reduction to his sentence in 2015 pursuant the Sentencing Commission's 2011 amendment. His 140 month sentence on count 1 was reduced to 125 months. Thus, there is no intervening change of law to consider as the court has already done so. Moreover, Green has not articulated any extraordinary or compelling reasons which warrant an early release.

Considering the foregoing, it is hereby

ORDERED that Green's motion for compassionate release is DENIED and DISMISSED without prejudice for want of jurisdiction.

THUS DONE AND SIGNED at Alexandria, Louisiana this 16th day of December 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT